971 So.2d 1189 (2007)
Norma STEPTER
v.
DEPARTMENT OF POLICE.
No. 2007-CA-1166.
Court of Appeal of Louisiana, Fourth Circuit.
November 7, 2007.
*1190 Marie A. Bookman, New Orleans, LA, for Appellee, Norma Stepter.
Joseph V. DiRosa, Jr., Chief Deputy City Attorney, Penya Moses-Fields, City Attorney, Victor L. Papai, Jr., Assistant City Attorney, Heather M. Valliant, Assistant City Attorney, New Orleans, LA, for Appellant, Department of Police.
(Court composed of Judge CHARLES R. JONES, Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
In this appeal, the Department of Police of the City of New Orleans ("Department") seeks review of the decision of the Civil Service Commission ("Commission") granting the appeal of the plaintiff, Norma Stepter ("Officer Stepter"), and ordering her reinstatement with all back pay and emoluments of office. For the reasons that follow, we vacate the judgment and remand the case to the Commission with instructions.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
The Department hired Officer Stepter on November 22, 1998, as a police officer. Officer Stepter failed to report for duty on August 31, 2005, as required due to the conditions presented by Hurricane Katrina. The Department issued a formal notice of termination dated February 16, 2006. The Department issued the termination letter without holding a pre-termination hearing.
Officer Stepter filed an appeal with the Civil Service Commission. The Commission granted the appeal, concluding that the Department failed to grant Officer Stepter a proper pre-termination hearing, including notice and an opportunity to be heard, prior to the imposition of discipline. The Commission ordered the Department to reinstate Officer Stepter to her prior position with all back pay and emoluments of office. The Department filed a motion for appeal seeking review of the Commission's decision.

DISCUSSION
In Reed v. Dept. of Police, XXXX-XXXX, p. 1 (La.App. 4 Cir. 10/10/07), 967 So.2d 606, this Court considered the issue of whether the failure to hold a pre-termination hearing was an illegal denial of due process. En banc, this Court held that Hurricane Katrina, with its effects upon the City of New Orleans and its government, was an extraordinary event such that the Department could discipline its officers without a pre-termination hearing. This Court further held that under the unique circumstances presented, a post-termination hearing which allows the accused officer an opportunity to present all relevant evidence which would have been introduced at a pre-termination hearing satisfies the due process requirements of both the United States and Louisiana Constitutions. This Court vacated the decision of the Commission and ordered the Commission to receive from the parties such additional evidence as necessary to appropriately resolve the matter on the merits. Id. at p. 6, 967 So.2d at 610.

DECREE
Accordingly, the decision of the Commission is vacated, and the case is remanded to the Commission to conduct a post-termination hearing, to allow each party to introduce *1191 evidence at such hearing and to render a decision on the merits of the case.
JUDGMENT VACATED; REMANDED WITH INSTRUCTIONS.
LOMBARD, J., dissents.
LOMBARD, J., dissents.
Due process does not always require a full-blown trial-type hearing, but even in extraordinary circumstances some sort of rudimentary notice and opportunity to respond should be afforded to an individual whose interests may be affected by a deprivation of life, liberty, or property. Accordingly, for reasons previously stated, see Reed, v. Dept. of Police, XXXX-XXXX (La.App. 4 Cir. 10/10/07), 967 So.2d 606 (Lombard, J., Dissents), I respectively dissent.